CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 6, 2019

LETTER TO COUNSEL

RE: *Carrie S. v. Commissioner, Social Security Administration*;
Civil No. SAG-18-2848

Dear Counsel:

On September 13, 2018, Plaintiff Carrie S. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for disability benefits. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 13, 16. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff protectively filed her claims for benefits on July 27, 2015, alleging disability beginning January 1, 2015. Tr. 188-201. Her claims were denied initially and on reconsideration. Tr. 105-12, 116-19. A hearing was held on June 27, 2017, before an Administrative Law Judge ("ALJ"). Tr. 30-62. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 16-24. The Appeals Council ("AC") denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that, during the relevant period, Plaintiff suffered from the severe impairments of "degenerative disc disease, congestive heart failure with cardiomyopathy, and chronic obstructive pulmonary disease." Tr 18. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can only occasionally climb ramps and stairs, with no climbing of ladders, ropes, and scaffolds; can only occasionally stoop, crouch, crawl, or kneel; and must have the option to change position between standing and sitting every 30 minutes, but will do so while remaining on-task at their workstation.

Tr. 20. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform any of her past relevant work, but that she could perform other jobs

available in significant numbers in the national economy. Tr. 22-23. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 23.

Plaintiff argues that the ALJ erred when analyzing her depression and anxiety by failing to apply the special technique mandated by 20 C.F.R. §§ 404.1520a, 416.920a. ECF 13-1 at 3-8.[1] I agree that the ALJ erred, and that this error hinders judicial review. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

At step two of the sequential evaluation, the ALJ must determine whether a claimant has a medically determinable impairment that is "severe," or a combination of impairments that is "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits an individual's ability to perform basic work activities. §§ 404.1522, 416.922. For mental impairments, the ALJ employs a "special technique," and first looks to "pertinent symptoms, signs, and laboratory findings to determine whether you have a medically determinable mental impairment(s)." §§ 404.1520a(b)(1), 416.920a(b)(1). After finding a medically determinable mental impairment exists, the ALJ rates a claimant's degree of limitation in each of the four "paragraph B" functional areas, namely: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. §§ 404.1520a(c), 416.920a(c).

Here, the ALJ assigned a rating to the "paragraph B criteria," but his explanation was noticeably lacking. The ALJ's analysis stated,

> [T]he available evidence supports no more than 'mild' limitation in each of the four functional areas, including in social functioning, which was the area where most of [the plaintiff's] complaints centered. Her reported daily activities, when weighed with her limited treatment and documented symptoms, were not indicative of more than mild limitation in even this area.

Tr. 19. For support, the ALJ cited generally to Plaintiff's treatment records and gave "significant weight" to the psychiatric evaluation conducted by Dr. Taller. *Id*. The ALJ did not name any of Plaintiff's daily activities that he purportedly weighed, nor did he discuss what he considered to be her "documented symptoms." Regarding her "limited treatment," the ALJ noted that Plaintiff received care for her mental health exclusively from her primary care provider. *Id.*

The ALJ failed to mention or discuss the medical opinions of Drs. Fowler and Ashe. *See* Tr. 365 (noting that Plaintiff's mental impairments were "severe enough to prevent [Plaintiff] from working [or] participating in a work, training or educational activity"), Tr. 384 (noting that

---

[1] Plaintiff raises two other arguments: (1) that the ALJ's RFC assessment lacked proper explanation, ECF 13-1 at 8-18, and (2) that the ALJ's evaluation of Plaintiff's subjective complaints was inadequate, *id*. at 18-20. This Court "cannot consider the merits of these claims . . . because the ALJ failed to follow the special-technique regulation in documenting his conclusions" regarding Plaintiff's mental impairments. *Patterson v. Comm'r, Soc. Sec. Admin.*, 846 F.3d 656, 658 n.1 (4th Cir. 2017).

Plaintiff's symptoms, including depression and anxiety, would "frequently" "interfere with attention and concentration needed to perform even simple work tasks"). In *Patterson*, the Fourth Circuit reasoned that the ALJ's failure to use the "special technique" was not harmless error where the ALJ "did not address conflicting evidence, or explain away contrary findings of other doctors in a comprehensive manner." 846 F.3d at 662. Here, the ALJ similarly failed to address the conflicting medical opinions in the record. The ALJ instead cited generally to over thirty pages of treatment records for the assertion that Plaintiff had "been prescribed appropriate medications for both [depression and anxiety]." Tr. 19. Within those cited treatment records, however, Dr. Fowler observed that Plaintiff's mental health symptoms were "not controlled." Tr. 421. Dr. Fowler noted that Plaintiff should continue to take Clonazepam up to three times a day as needed for anxiety and panic attacks, and started Plaintiff on an antidepressant. *Id*. At the hearing, Plaintiff testified that she had recently been prescribed a different medication for her depression, Tr. 42, suggesting that perhaps Plaintiff's depression symptoms were not under control. Because the ALJ did not offer an explanation or a more precise citation to support his conclusion, this Court cannot review his analysis.

Furthermore, the ALJ referenced the area of "social functioning," Tr. 19, which is no longer one of the areas of mental functioning under the regulations.[2] It is not possible to determine, from the ALJ's cursory and conclusory analysis, whether the ALJ evaluated Plaintiff's mental impairments under the current rules.

The Commissioner argues that the ALJ did follow the special technique, and that, even if the ALJ erred, the error is harmless. ECF 16-1 at 7. Although the failure to follow the special technique may be harmless in some cases, "such a failure prevents, or at least substantially hinders, judicial review." *Patterson*, 846 F.3d at 662. That is the case here.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 13, is DENIED and Defendant's Motion for Summary Judgment, ECF 16, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[2] The prior areas were (1) restrictions on activities of daily living; (2) difficulties maintaining social functioning; (3) difficulties in maintaining concentration, persistence, and pace; and (4) repeated episodes of decompensation. 20 C.F.R. § 404.1520a (2016). The new rules took effect January 17, 2017. Revised Medical Criteria for Evaluating Mental Disorders, 81 FR 66138-01, 2016 WL 5341732. The ALJ's decision is dated July 27, 2017.